## Case No. 16,308.

UNITED STATES v. SKAM.

[5 Cranch, C. C. 367.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

PENSIONS — RIGHTS OF ILLEGITIMATE CHILDREN — MARRIAGE OF PARENTS—PERJURY.

1. An adopted child is not entitled to a pension. But an illegitimate female child, if her parents afterwards intermarry, and the husband acknowledge the child, becomes legitimated by the law of Maryland of 1786 (chapter 45, § 7) and entitled to a pension under the laws of the United States, if her father dies in the naval marine service of the United States, and the mother marries again.

2. The intermarriage, and the acknowledgment of the child by the husband, are prima facie evidence that he was the actual father of the child; and if he begot the child, it was not perjury in the witness to swear that the child was the legitimate heir and only child left by the deceased husband.

Indictment for perjury. The perjury was assigned in a joint affidavit made by the defendant and one Jane Berkemer, who, in order to obtain from the United States a

1 [Reported by Hon. William Cranch, Chief Judge.]

pension for one Mary Ann Thomas, as the child of one Orral T. Thomas, (a marine who died in the service of the United States,) made oath before a justice of the peace in Washington that they are well acquainted with Mary Ann Thomas, and know her to be the legitimate heir and only child left by the said Thomas, whereas the defendant then and there knew and believed that the said Mary Ann Thomas was not the child of the said Orral T. Thomas.

By the Maryland law of 1786 (chapter 45, § 7), "if any man shall have one or more children by any woman whom he shall afterwards marry, such child or children, if acknowledged by the man, shall, in virtue of such marriage and acknowledgment, be hereby legitimated, and capable in law to inherit and transmit inheritance, as if born in wedlock."

Evidence was produced by the defendant that the said Orral T. Thomas married the mother about a year after the birth of the child, and received and maintained the child, and called her his child, and suffered her to call him father, and to be called by his name, namely, Mary Ann Thomas.

THE COURT, upon the trial, (THRUSTON, Circuit Judge, absent,) at the motion of Mr. Key, the district attorney, instructed the jury: "That if they believe from the evidence, that Mary Ann Thomas, mentioned in the affidavit, was the child of Ann Alford, (the wife of the said Orral T. Thomas, and who after his death intermarried with one Alford); that said child was born about twelve months before her marriage with the said Orral T. Thomas; that the said Thomas was not the father of the said child; but that after the marriage he adopted the said child, and allowed it to take his name,—then such child, under the circumstances proved in this case, would not be entitled to claim a pension under the act of congress." Act March 4, 1814 (3 Stat. 103). But THE COURT also instructed the jury, "that the facts, that the said Orral T. Thomas married the mother of the said Mary Ann after her birth, and received and maintained the child as his own, and called her his child, and suffered her to call him father, and to be called by his name, if believed by the jury, were evidence, from which, if not contradicted by other evidence, the jury may infer that she was begotten by the said Orral T. Thomas."

Mr. Key then prayed the court to instruct the jury, "that if the prisoners" (both affiants being upon their trial) "knew, or believed that the said Mary Ann Thomas was not begotten by the said Orral T. Thomas, then their affidavit is false; and if they made the oath knowingly, and the affidavit was correctly read over to them, then such taking such oath is perjury."

But THE COURT refused to give the instruction.

Verdict, not guilty.